# EXHIBIT B

| | | |
|---|---|---|
| CLERK OF THE COURT<br>Cathy Stuart<br>115 N. Bridge, Room 330<br>Victoria, Texas 77901 | ORIGINAL<br>PLEASE RETURN | ATTORNEY REQUESTING ISSUANCE<br>Sean Hudson McCarthy<br>8441 Gulf Freeway, Ste 600<br>Houston, Texas 77017 |

Served on Arch: Jersey City
Date of Service: 9-16-2019
Method of Service: By Hand
Name of Signee: Francine Petrosino

# THE STATE OF TEXAS
# CITATION

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: ARCH SPECIALTY INSURANCE COMPANY, MAY BE SERVED BY SERVING ITS GENERAL COUNSEL AT: GENERAL COUNSEL, ARCH SPECIALTY INSURANCE COMPANY, HARBORSIDE 3, 210 HUDSON STREET, SUITE 300, JERSEY CITY, NJ 07311-1107,

You are commanded to appear by filing a written answer to the Plaintiff's Original Petition before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service hereof, before the Honorable 377th Judicial District Court of Victoria County, Texas, at the Courthouse of said County in Victoria, Texas.

Said Plaintiff's petition was filed in said Court, on the 4th day of September, 2019 in this case numbered **19-09-84932-D** on the docket of said court, and styled,

EREVIC LLC
VS.
ARCH SPECIALTY INSURANCE COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Victoria, Texas, this the 4th day of September, 2019.

CATHY STUART
District Clerk
Victoria County, Texas

Signed: 9/4/2019 4:24:44 PM
By: _____
Deputy

Rule 106: "--the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

Cause #19-09-84932-D     377th Judicial District Court
EREVIC LLC VS. ARCH SPECIALTY INSURANCE COMPANY
**Address for service:** ARCH SPECIALTY INSURANCE COMPANY, MAY BE SERVED BY SERVING ITS GENERAL COUNSEL AT: GENERAL COUNSEL, ARCH SPECIALTY INSURANCE COMPANY, HARBORSIDE 3, 210 HUDSON STREET, SUITE 300, JERSEY CITY, NJ 07311-1107

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 2019 at _____ o'clock _____.M. and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the petitioner's petition, the following times and places, to wit:

| Name | Date | Time | Place, Course and Distance from Courthouse |
|------|------|------|-------------------------------------------|
|      |      |      |                                           |

And not executed as to the defendant(s) _____

the diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

can the information received as to the whereabouts of said defendant(s) being: _____

FEES - - Serving $ _____

_____, Sheriff

_____ County, Texas

By: _____ Deputy

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____ (First, Middle, Last), my date of birth is _____, and my address is _____ (Street, City, Zip).

I DECLARE UNDER PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____, 2019.

_____
Declarant/Authorized Process Server

_____
(ID # and Expiration of certification)

| | |
|---|---|
| CLERK OF THE COURT<br>Cathy Stuart<br>115 N. Bridge, Room 330<br>Victoria, Texas 77901 | ATTORNEY REQUESTING ISSUANCE<br>Sean Hudson McCarthy<br>8441 Gulf Freeway, Ste 600<br>Houston, Texas 77017 |

## THE STATE OF TEXAS
## CITATION

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO:** ARCH SPECIALTY INSURANCE COMPANY, MAY BE SERVED BY SERVING ITS GENERAL COUNSEL AT: GENERAL COUNSEL, ARCH SPECIALTY INSURANCE COMPANY, HARBORSIDE 3, 210 HUDSON STREET, SUITE 300, JERSEY CITY, NJ 07311-1107,

You are commanded to appear by filing a written answer to the Plaintiff's Original Petition before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service hereof, before the Honorable 377th Judicial District Court of Victoria County, Texas, at the Courthouse of said County in Victoria, Texas.

Said Plaintiff's petition was filed in said Court, on the 4th day of September, 2019 in this case numbered **19-09-84932-D** on the docket of said court, and styled,

EREVIC LLC
VS.
ARCH SPECIALTY INSURANCE COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Victoria, Texas, this the 4th day of September, 2019.

CATHY STUART
District Clerk
Victoria County, Texas

Signed: 9/4/2019 4:24:44 PM

By: _Crystal Hernandez_
Deputy

Rule 106: "--the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

Cause #19-09-84932-D                                                377th Judicial District Court
EREVIC LLC VS. ARCH SPECIALTY INSURANCE COMPANY
**Address for service:** ARCH SPECIALTY INSURANCE COMPANY, MAY BE SERVED BY SERVING ITS GENERAL COUNSEL AT: GENERAL COUNSEL, ARCH SPECIALTY INSURANCE COMPANY, HARBORSIDE 3, 210 HUDSON STREET, SUITE 300, JERSEY CITY, NJ 07311-1107

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 2019 at _____ o'clock _____.M. and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the petitioner's petition, the following times and places, to wit:

| Name | Date | Time | Place, Course and Distance from Courthouse |
|------|------|------|--------------------------------------------|
|      |      |      |                                            |

And not executed as to the defendant(s) _____

the diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

can the information received as to the whereabouts of said defendant(s) being: _____

FEES - - Serving $ _____                                    _____, Sheriff
                                                                 _____ County, Texas
                                                          By: _____ Deputy

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____ (First, Middle, Last), my date of birth is _____, and my address is _____ (Street, City, Zip).
I DECLARE UNDER PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the ____ day of _____, 2019.

                                                _____
                                                Declarant/Authorized Process Server

                                                _____
                                                (ID # and Expiration of certification)

Filed 9/4/2019 10:38 AM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Bobbi Ellinger

CAUSE NO. **19-09-84932-D** _____

| | | |
|---|---|---|
| **EREVIC, LLC** | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | VICTORIA COUNTY, TEXAS |
| | § | |
| **ARCH SPECIALTY INSURANCE** | § | |
| **COMPANY** | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff, EREVIC, LLC, and file this, Plaintiff's Original Petition against Defendant, ARCH SPECIALTY INSURANCE COMPANY, and, for cause of action, would respectfully show this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. This case involves a first-party insurance policy dispute concerning damages attributable to Hurricane Harvey. This dispute involves complex legal issues originating from the TEXAS INSURANCE CODE, common law, and recent Texas case law. It will include intricate discovery regarding claims-handling practices, coverage decisions, adjustment/payment of claims, including Plaintiff's claim, as well as and the systematic approach by Arch Specialty Insurance Company and its adjusters to the handling of catastrophic loss property damage claims arising from Hurricane Harvey. Plaintiff therefore, respectfully asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II. PARTIES

2. Plaintiff, EREVIC, LLC, is a Limited Lability Company authorized and licensed to conduct business in the state of Texas.

3. Defendant, Arch Specialty Insurance Company ("Arch"), is a Surplus Lines insurance company that is authorized and licensed to engage in the business of insurance in the State of Texas. Arch may be served with process by serving its General Counsel at: **General Counsel, Arch Specialty Insurance Company, Harborside 3, 210 Hudson Street, Suite 300, Jersey City, NJ 07311-1107.**

## III. JURISDICTION & VENUE

4. This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff states it seeks monetary relief in excess of $1,000,000.00. Plaintiff reserves the right to amend its petition during and/or after the discovery process.

5. This Court has personal jurisdiction over Arch because Arch is a Surplus Lines insurance company licensed to do business in Texas and Plaintiff's causes of action arise out of Arch's business activities in this State.

6. Venue is proper in Victoria County because the insured property is located in Victoria County and all or a substantial part of the events giving rise to this lawsuit occurred in Victoria County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## IV. FACTS

7. Plaintiff owns the property at 4102 N. Navarro in Victoria, Victoria County, Texas (the "Property"). Arch sold, and Plaintiff paid for, a commercial property insurance policy (the "Policy") to protect and insure Plaintiff's building, other structures, and other items applicable to the Property and Plaintiff's business.

8. From August 25th through September 1, 2017, Hurricane Harvey swept across Texas causing widespread destruction and devastation due to extreme winds up to 130 miles an hour in Victoria County and surrounding areas. Beginning on or about August 26, 2017, Hurricane Harvey's massive wind field caused widespread destruction in and around Victoria County, and Plaintiff's Property, specifically.

9. Plaintiff's Property suffered extensive wind and wind-related damage during Hurricane Harvey. Specifically, the Hurricane damaged the entire roofing system, attached canopies, exterior and interior walls, parapet caps, and rooftop HVAC equipment. The Property also sustained substantial interior water damage as a result of the wind damage to the exterior and roofing system.

10. Following Hurricane Harvey, Plaintiff promptly and timely reported its Property claim (the "Claim") with Arch under the Policy and asked Arch to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, replacement of the roof, repairs to wind and debris damages to all exterior elevations, replacement of rooftop HVAC systems, as well as repair of the significant interior water damage to virtually all interior surfaces and building systems.

11. Plaintiff is entitled to these benefits under the Arch Policy as it specifically covered Plaintiff's Property for wind and wind-related damage, and specifically, hurricane damage. All of the damage to the Property was covered under the express terms of the Policy.

12. After receiving notice of EREVIC's claim, Arch assigned Engle Martin & Associates, Inc. ("Engle Martin"), to oversee the claims adjustment process as a third-party administrator. Engle Martin assigned an adjuster, Andrew M. Brown, as the individual field adjuster. Mr. Brown was assisted with his investigation by two consultants from Madsen, Kneppers & Associates, Inc. ("MKA"): Charles E. Jendrusch, a Texas licensed mechanical contractor, and Lynn Bell, a roof surveyor.

13. Mr. Brown, Mr. Jendrusch, and Mr. Bell, however, because of inadequate training, improper instruction, or intentional overlook, failed to perform a reasonable and adequate investigation of Plaintiff's Claim. In doing so, Mr. Brown, Mr. Jendrusch, and Mr. Bell either completely missed or simply ignored damages that were present at the time of their inspections and were clearly attributable to Hurricane Harvey's powerful winds.

14. For instance, the roof suffered extensive wind damage across its entire surface. The cyclonic winds from Hurricane Harvey caused significant roof delamination due to wind-induced roof movement and uplift. The entire built-up roofing membrane is no longer attached to the roof deck below and some roof-to-wall structural intersections (e.g., control joints) have separated nearly five inches. Upper-sections of wall cracked to the point of separating entirely and are now supported entirely by steel bars inside the wall.

15. Instead of focusing on the structural integrity and functionality of the building, Mr. Brown, Mr. Jendrusch, and Mr. Bell focused their assessments on shallow cosmetic issues. As an illustration—and certainly not intended as a complete listing of all of the errors and omissions—the following are just some of the most unfair and unreasonable low points of the conclusions reached by Mr. Brown, Mr. Jendrusch, and Mr. Bell and reports:

   i. Mr. Bell either missed or intentionally ignored the majority of existing roof damage by concluding that "gouges and scrapes of the [modified bitumen] cap sheet by the abandoned [rooftop unit] are the only wind caused impairments to the roofing system."

   ii. Mr. Bell improperly concluded an estimate for "the wrinkles and blisters of the [modified-bitumen] cap sheet is not necessary because they are not the result of a one-time wind event, but rather are the result of poor original application."

   iii. Mr. Bell ignored his own requirement that "destructive testing is required in order to confirm the cause of delamination from installation."

   iv. Mr. Jendrusch inexplicably concluded "the damage is not structural in nature" and no repairs are needed "to strengthen or reinforce other portions of the building."

v.    Mr. Jendrusch downplayed the damage of "an offset in [a] vertical joint" because "sealant was noted at the offset with no evidence of recent movement."

vi.    Mr. Jendrusch mischaracterized extensive wall cracks as "slight movement at the roof to wall interface" with "no visible evidence of damage."

vii.    Mr. Brown provided no scope of repair for numerous damages effecting the structural integrity and functionality of the property.

16.    Plaintiff contends that, upon information and belief, Arch, Engle Martin, and MKA set out and overtly sought to under-scope and ultimately minimize Plaintiff's Claim for covered damages. At minimum, Arch ratified the unreasonable and improper conclusions reached by Mr. Brown, Mr. Jendrusch, and Mr. Bell, resulting in Plaintiff's Claim effectively being denied. Arch's final decision to deny Plaintiff's benefits was communicated to Plaintiff by Mr. Brown in a letter dated January 10, 2018, in which Mr. Brown wrongfully indicated the minimal amount of identified property damage did not exceed the Policy deductible because the majority of Plaintiff's Property damage is not covered.

17.    In short, Plaintiff has yet to receive the full amount of payment to which it is entitled under the Policy because its Claim was improperly and unreasonably adjusted and investigated. Plaintiff has suffered actual damages resulting from Arch's wrongful acts and omissions as set forth above and further described herein.

## V. CAUSES OF ACTION

### Breach of Contract against Arch

18.    An insurance policy is considered a contract under Texas law. Arch failed to perform its contractual duties to adequately compensate Plaintiff in accordance the terms of the Policy that it wrote and sold to Plaintiff. Specifically, Arch refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and

accomplished by Plaintiff. Arch's conduct constitutes a breach of the insurance contract between Arch and Plaintiff.

### Non-Compliance by Arch with the Texas Insurance Code, Unfair Settlement Practices

19. Arch's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

20. Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Arch's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating—by way of the Mr. Brown, Mr. Jendrusch, and Mr. Bell—that Plaintiff's damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiff's damages; (3) using own statements and conclusions from Mr. Brown, Mr. Jendrusch, and Mr. Bell concerning the scope and degree of the damage as a pretext for effectively denying covered damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiff in fact received.

21. Arch's unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

22. Arch's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

23. Arch failed to explain to Plaintiff the reasons for failing to include all covered damages in its evaluation and/or payment(s) on the Claim. Furthermore, Arch did not communicate that future settlements or payments would be forthcoming to pay for the entire amount of Plaintiff's loss, nor did it provide any explanation for the failure to adequately settle Plaintiff's Claim. Arch's conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a)(3).

24. Although promptly reported by Plaintiff to Arch, Arch did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's damages, both exterior and interior. Arch's unfair settlement practice, as described above, of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### Non-Compliance by Arch with the Texas Insurance Code, Prompt Payment of Claims Act

25. Arch's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

26. Arch's failure—and thus continuing delay—to remit full payment of the amounts owed on Plaintiff's Claim following its receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

27. Arch's conduct constitutes a breach of the common law duty of good faith and fair dealing that a Texas insurer owes to its policy holders on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the

drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

28. Arch's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, despite the fact that at the very same time, Arch knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of Arch's duty of good faith and fair dealing to Plaintiff, which is both non-delegable and continues to exist until the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

### FRAUD

29. Defendant is liable to Plaintiff for common law fraud.

30. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as it did, and which Defendant knew was false or made recklessly without any knowledge of their truth as a positive assertion.

31. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

32. Defendant is liable to Plaintiff for conspiracy to commit fraud. Defendant was a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendant committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

## VI. KNOWLEDGE

33. All of the acts described above, together and singularly, were done "knowingly" as that term is used in the TEXAS INSURANCE CODE and were a producing cause of Plaintiff's damages described herein.

## VII. CONDITIONS PRECEDENT

34. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred and/or Defendant waived the same. This includes, but is not limited to, providing notice pursuant to TEXAS INSURANCE CODE 542A and pre-litigation alternative dispute resolution, if any.

## VIII. DAMAGES

35. Plaintiff would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

36. As previously mentioned, Plaintiff's covered losses have not been properly addressed or paid, which has prevented Plaintiff from making necessary repairs, thus causing further, consequential damage, to the Property while also causing undue hardship and a burden on Plaintiff. These damages and losses are a direct result of Defendant's mishandling of Plaintiff's Claim in violation of the terms of the Policy at issue and of the laws set forth above.

37. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain with respect to its purchase of the Policy, which is the amount of its Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

38. For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, interest, and attorneys' fees. For knowing conduct of the acts and conduct described and complained of above, Plaintiff is entitled to, and does hereby, seek recovery of three times its actual damages. TEX. INS. CODE §541.152.

39.     For noncompliance with the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiff is entitled to interest on the amount of the Claim as damages at the rate determined under TEX. INS. CODE §542.060, together with reasonable and necessary attorneys' fees.

40.     For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Arch's breach of its Duty, such as additional costs, diminution in value, economic hardship, additional losses resulting from nonpayment of the amount owed, and exemplary damages.

41.     For the prosecution and collection of this Claim, Plaintiff has been compelled to engage the services of the attorneys and law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

## IX.  JURY DEMAND

42.     Plaintiff requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Victoria County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all

such other and further relief, whether by law or at equity, to which it may show itself to be justly entitled.

        Respectfully submitted,

        **WILLIAMS HART BOUNDAS EASTERBY LLP**

By: /s/ *Sean H. McCarthy*
    Sean H. McCarthy
    State Bar No. 24065706
    P. Griffin Bunnell
    State Bar No. 24080815
    8441 Gulf Freeway, Ste 600
    Houston, TX 77017
    Telephone: 713-230-2200
    Fax: 713-643-6226
    Email: smccarthy@whlaw.com
    Email: gbunnell@whlaw.com

        **AND**

**THE COOK LAW FIRM, PLLC**
    Andrew C. Cook
    State Bar No. 24057481
    7324 Southwest Freeway, Suite 585
    Houston, Texas 77074
    Telephone: (713) 401-2890
    Facsimile: (713) 643-6226
    Email: acc@texinsurancelaw.com

**ATTORNEYS FOR PLAINTIFF**